

# IN THE DISTRICT COURT OF THE UNITED STATES

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:11CR02344-001(TLW) |
| | ) | |
| | ) | **MOTION AND ORDER FOR MEDICAL** |
| | ) | **EXAMINATION (18 U.S.C. § 3552(b))** |
| vs. | ) | |
| | ) | |
| WILLIAM MCCASKILL VAUGHT, JR | ) | |
| DEFENDANT | | |

This matter comes before the court upon motion of the Defendant, by and with the consent of the attorney for the government.

By previous order of this court dated February 21, 2012, the Defendant was committed to the custody of the Bureau of Prison pursuant to 18 U.S.C. § 4242 to determine if the Defendant was suffering from a mental disease or defect that prevented him from understanding the wrongfulness of his conduct.

Counsel for the Defendant now advises the court that he is informed and believes that the Defendant suffers from several different, possibly debilitating physical illnesses, to wit: Hepatitis C, Shingles, Arthritis, eye problems, and skin lesions that may be cancerous. 18 U.S.C. § 3552(b) provides for a mechanism to get detailed information by way of expert consultation to the court for sentencing purposes. Counsel for the Defendant, given the defendant's age of 61, believes that the court should be apprised accurately of the Defendant's medical condition in the event the Defendant is convicted of the offense with which he is charged. Counsel for the Defendant believes that there

is a compelling reason to conduct this examination at FMC Lexington in that the Defendant is being evaluated at FMC Lexington at the current time and it is the most convenient and cost effective place to conduct this evaluation. Counsel has been advised by the evaluators at FMC Lexington that the court needs to enter an order before it can conduct the full scale medical evaluation that is sought by this order. Therefore, counsel for the Defendant moves, pursuant to 18 U.S.C. § 3552(b), that the court order that the Defendant be given a complete medical evaluation and any necessary treatment while the Defendant is at FMC Lexington.

Based on the Defendant's motion, by and with the consent of the government, the court hereby finds that good cause has been shown, and orders:

1. That the Defendant be given a complete medical examination and any necessary treatment for any and all of his medical problems at FMC Lexington where he is currently undergoing the aforesaid forensic mental evaluation;

2. That the medical examiners at FMC Lexington prepare a report setting forth the Defendant's history and present symptoms, which shall contain:

    a. a description of the medical tests that were employed and their results,

    b. the examiner (s) findings, and

    c. The examiner (s) opinion as to diagnosis, prognosis, and medication the Defendant has been prescribed, if any;

3. That the report of this medical examination be provided to the court and the Defendant's attorney, William F. Nettles, IV, and counsel for the government, Alfred William Walker Bethea, Jr.;

4. That this examination and report be completed within 60 days unless otherwise extended pursuant to 18 U.S.C. § 3552(b); and

5. That the time for the examinations herein ordered be excluded time in accordance with Title 18 U.S.C. § 3161(h)(1)(A).

AND IT IS SO ORDERED.

                                          Terry L. Wooten
                                          United States District Judge

Florence, South Carolina

June 12, 2012

I SO MOVE:                                       I CONSENT:

William F. Nettles IV,                     Alfred W. Bethea, Jr.
Attorney for the Defendant           Assistant United States Attorney